United States District Court
Southern District of Texas
FILED

AUG 17 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RICHARD BRUCE THARPE ) | |
| ) | |
| VS. ) | |
| ) | CIVIL ACTION NO.: B-04-103 |
| ZC STERLING INSURANCE ) | |
| AGENCY, INC. and JACK TAYLOR, ) | |
| Individually ) | |

## JOINT REPORT OF THE MEETING AND
## RULE 26(f) JOINT DISCOVERY / CASE MANAGEMENT PLAN

1. State when and where the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Answer: The meeting of the parties required by Rule 26(f) was held telephonically on August 12, 2004 between R. Bruce Tharpe, Pro Se Plaintiff. Present for Defendant was Stephen Chapman BARKER, LEON, FANCHER & MATTHYS.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   Answer: Cause No. 2004-CCL-00601-A; Richard Bruce Tharpe v. ZC STERLING INSURANCE AGENCY, INC.; filed in Cameron County Court at Law No. 1 was removed to federal court by the Defendant ZC STERLING INSURANCE AGENCY, INC.

3. Briefly describe what this case is about.

   Answer: Plaintiff alleges that this case is based on alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, negligence and bad faith failure to settle an insurance claim for damages to property caused by a hailstorm that occurred on or about April 8, 2003.

   Defendants deny Plaintiff's allegations.

4. Specify the allegation of federal jurisdiction.

<u>Answer</u>:   Defendant alleges that the present action is between a Texas citizen and citizens of foreign states. The Defendant ZC STERLING INSURANCE AGENCY, INC. is not a citizen of Texas.

Plaintiff alleges that there is no diversity jurisdiction because JACK TAYLOR, a Texas resident has been named as a co-Defendant. Additionally, Plaintiff has stipulated to a total jurisdictional amount in controversy of less than $75,000.00 in damages, exclusive of interest and costs. A Motion to Remand has been filed by Plaintiff.

5.   Name the parties who disagree and the reasons.

<u>Answer</u>:   Plaintiff and Defendant disagree on the issue of federal diversity jurisdiction for the reasons stated above. Plaintiff has filed a Motion For Remand.

Defendant disagrees that Plaintiff has a valid claim for breach of contract, violation of the duty of good faith and fair dealing, unconscionability, violation of the Texas Deceptive Trade Practices, and violations of Articles 21.21 and 2155 of the Texas Insurance Code. Defendants disagree that Plaintiff is entitled to statutory penalties, multiple damages, attorney's fees and exemplary damages.

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

<u>Answer</u>:   Plaintiff has named JACK TAYLOR, Individually as a co-Defendant. Other Defendants may be added as necessary parties as discovery proceeds.

7.   List anticipated interventions.

<u>Answer</u>:   None.

8.   Describe class-action issues.

<u>Answer</u>:   None.

9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

<u>Answer</u>: Initial disclosures have been exchanged by both parties.
Plaintiff will serve their initial disclosure on or before October 15, 2004.

Defendants will serve their initial disclosure on or before October 15, 2004.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all matter raised in Rule 26(f).

   <u>Answer</u>: Discovery will be necessary as to Plaintiff's claims and Defendants' defenses consistent with the timing and limitations articulated in the federal and local rules.

   B. When and to whom the Plaintiff anticipates it may send interrogatories.

   <u>Answer</u>: The Plaintiff has propounded interrogatories to Defendant ZC STERLING INSURANCE AGENCY, INC., and responses have been filed.

   Plaintiff anticipates propounding interrogatories upon Defendant JACK TAYLOR when he is served. Plaintiff anticipates propounding interrogatories upon other Defendants if and when they are added as parties.

   C. When and to whom the Defendants anticipate it may send interrogatories.

   <u>Answer</u>: Defendants anticipate sending Interrogatories to Plaintiff by October 30, 2004.

   D. Of whom and by when the Plaintiff anticipates taking oral depositions.

   <u>Answer</u>: Plaintiff anticipates taking depositions of the Defendant's designated representatives and any witnesses, within one hundred eighty (180) days of the date of the Initial Pretrial Conference.

   E. Of whom and by when the Defendant anticipates taking oral depositions.

   <u>Answer</u>: Defendants anticipate taking oral depositions of Plaintiff and additional fact witnesses on or before November 30, 2004.

F. Of whom and by when the third-party Defendants anticipate taking oral depositions.

Answer: Not applicable.

G. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Answer: The Plaintiff will designated experts within thirty (30) days of the date of the Initial Pretrial Conference.

The Defendants will designate experts on or before November 30, 2004.

Expert reports will be due upon designation of each expert.

H. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

Answer: Plaintiff anticipates taking depositions of Defendant's experts within one hundred eighty (180) days of the Initial Pretrial Conference.

I. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

Answer: Defendants anticipate taking the depositions of the Plaintiff's experts by December 30, 2004.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Answer: The parties are in agreement.

12. Specify the discovery beyond initial disclosures that have been undertaken to date.

Answer: The Plaintiff has propounded interrogatories to Defendant ZC STERLING INSURANCE AGENCY, INC., and responses have been filed.

13. State the date the planned discovery can reasonably be completed.

    <u>Answer</u>:   On or before December 30, 2004.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    <u>Answer</u>:   The parties discussed possible methods of alternative dispute resolution. Such techniques may be effectively used after some discovery has been undertaken.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    <u>Answer</u>:   The parties discussed possible methods of alternative dispute resolution. Such techniques may be effectively used after some discovery has been undertaken.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    <u>Answer</u>:   The parties discussed possible methods of alternative dispute resolution. Such techniques may be effectively used after some discovery has been undertaken.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    <u>Answer</u>:   The parties do not agree to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    <u>Answer</u>:   A timely jury demand has been made in State Court.

19. Specify the number of hours it will take to present evidence in this case.

    <u>Answer</u>:   40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Answer: Plaintiff's Motion For Leave to File First-Amended Complaint;
   Plaintiff's Motion For Substitute Service;
   Plaintiff's Motion For Remand;
   None at this time for the Defendant.

21. List other motions pending.

   Answer: Plaintiff's Motion For Leave to File First-Amended Complaint;
   Plaintiff's Motion For Substitute Service;
   Plaintiff's Motion For Remand;
   None at this time for the Defendant.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   Answer: None known at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   Answer: The parties have filed a Disclosure of Interested Parties.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   **PRO SE PLAINTIFF:** R. Bruce Tharpe
   LAW OFFICES OF R. BRUCE THARPE
   2390 Central Blvd., Suite O
   Brownsville, Texas 78520
   (956) 546-2400
   (956) 546-4362 – Fax
   State Bar ID No. 19823800
   Federal Bar ID No. 13098

   **DEFENSE COUNSEL:** Roland L. Leon
   State Bar ID No. 12207400
   Federal Bar ID No. 5683
   BARKER, LEON, FANCHER & MATTHYS, L.L.P.

Tower II - Suite 1200
555 N. Carancahua Street
Corpus Christi, Texas 78478
(361) 881-9217
(361) 882-9437 – Fax

Respectfully submitted on this __13th__ day of August, 2004.

By: _____          __8-13-2004__
    R. BRUCE THARPE                        Date

By: _____          __8/13/04__
    ROLAND L. LEON                         Date