

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
**FILED**

**SEP 1 3 2004**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **RICHARD BRUCE THARPE** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-04-103** |
| | § | |
| | § | |
| **ZC STERLING INSURANCE AGENCY** | § | |
| **INC.** | § | |
| **Defendant** | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now Comes Defendant, ZC Sterling Insurance Agency, Inc. ("Sterling") and files this its

Motion For Summary Judgment asking the court to render final summary judgment against plaintiff,

Richard Bruce Tharpe ("Tharpe") and in support thereof would show as follows:

### I. FACTS

1.     Sterling is the Program Manager for Empire Indemnity Insurance Company

("Empire").     Empire provided property insurance to a dwelling at 4732 Beaver Pond Dr.,

Brownsville, Cameron County, Texas with limits of $159,000.00 for the policy Period of November

6, 2002 to November 6, 2003.  (See Exhibit1, Affidavit of James P. Novak and attached policy,

herein incorporated by reference).

2.     On April 8, 2003,  Tharpe's home sustained damage due to a hail storm.  The

claim was  adjusted and an offer under the policy was made to Tharpe.  The offer was refused by

Tharpe as unacceptable.  Tharpe sued Sterling for breach of contract, violation of the duty of good

faith and fair dealings, unconscionability, violation of the Texas Deceptive Trade Practices,  and

violation of the  Texas Insurance Code arising out of the  hail loss occurring on April 8, 2003.  (See

Defendant's Motion for Summary Judgment Page 1



Plaintiff's Petition, Exhibit 2)

    3.      Tharpe filed a lawsuit on May 21, 2004. (See Plaintiff's Petition, Exhibit 2)  Under the terms of the policy, a lawsuit must be filed within 1 (one year) of the loss.  The policy states, under paragraph 10 (on page 5) of the conditions of the policy, that:

> **10. Suit Against Us.**  No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

    (See Exhibit 1, Affidavit of James Novak and attached policy)

    4.      Sterling filed an answer affirmatively alleging as a defense that Tharpe failed to file his lawsuit within one year of the date of loss. (See Exhibit 3, Defendant's Original Answer)

    5.      Sterling files this motion for summary judgment based on Tharpe's failure to file his lawsuit within one year of the date of loss.

## II.  Argument & Authorities

    Summary judgment is proper in any case where there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2552 (1986).  A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact.  A defendant need not negate the elements of the plaintiff's case.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553.  Summary judgment should be granted in this case because there is no genuine issue as to any material fact on plaintiff's claim against defendant.  This motion and its attachments establish there is no genuine issue of material fact.

    Plaintiff cannot, by pleadings, depositions, answers to interrogatories, admissions on file, or other admissible evidence demonstrate a genuine issue of material fact.     As a general rule, the applicable period of limitations for a claim made pursuant to a contract is four years from the date

the cause of action accrues. Tex. Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). However, parties to a transaction may agree to the time in which a person must file suit on a given cause of action. *Culwell v. St. Paul Fire and Marine*, 79 S.W.2d 914 (Tex.Civ.App.-Eastland 1935, writ dism'd); *Taylor v. National Life and Accident Ins. Co.*, 63 S.W.2d 1082 (Tex.Civ.App.-Amarillo 1933, writ dism'd). Insurance provisions that limit the time within which to file a suit are valid and binding. *Bazile v. Aetna Casualty and Surety Co.*, 784 S.W.2d 73, 74 (Tex.App.-Houston [14th Dist.] 1989, writ dism'd).

In *Seafirst Commercial Corp. v. U.S. Fidelity and Guar. Co.*, 780 F.2d 1290, (5th Cir.1986) the Fifth Circuit upheld a summary judgment on a similar limitations provision in Louisiana. There a mortgagee under a chattel mortgage on a crane brought a claim against the insurer for breach of loss payable clause in policy covering the crane on the basis of insurer's payment of policy proceeds to the mortgagor rather than jointly to mortgagor and mortgagee. The Fifth Circuit held this was a claim within meaning of suit limitation provision of policy, which required suit to be brought within 12 months of discovery of claim. Thus, because the suit was brought 16 months after claim was discovered, it was time-barred by the suit limitation provision. *See Id.*

Here, there is no doubt the suit was brought on May 21 of 2004 and that the loss occurred on April 8th of 2004. Thus, as this suit was not brought during the applicable 1 year limitation provision of the terms of the policy, it is time barred as a matter of law.

### III. PRAYER

Wherefore, Defendant prays that the court grant summary judgment against the entirety of plaintiff's claims, and for such further relief in law or equity to which it may be entitled.

Respectfully submitted,

BARKER, LEON, FANCHER
   & MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437


_____
Roland Leon
State Bar No. 12207400
Federal I.D. No. 5683
Attorney-in-Charge for Defendant

Stephen J. Chapman
State Bar No. 24001870
Federal ID No. 32677
Attorneys for Defendant
ZC Sterling Insurance Agency


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been

served in accordance with the Federal Rules of Civil Procedure on this the ___10th___ day of

___September___, 2004, to all counsel of record as follows:


_____
Roland Leon
Stephen J. Chapman


Defendant's Motion for Summary Judgment Page 4

CAUSE NO. 2004-CCL-00601-A

| | | |
|---|---|---|
| **RICHARD BRUCE THARPE,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **ZC STERLING INSURANCE AGENCY,** | § | |
| **INC.,** | § | |
| **Defendant** | § | **CAMERON COUNTY, T E X A S** |

### AFFIDAVIT OF JAMES P. NOVAK

| | |
|---|---|
| **COUNTY OF COBB** | § |
| | § |
| **STATE OF GEORGIA** | § |

**BEFORE ME,** the undersigned authority, personally appeared James P. Novak, who, being by me duly sworn, deposed and said:

1.    My name is James P. Novak. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

2.    I am a Senior Vice President of ZC Sterling Insurance Agency, Inc., and by virtue of my position within the company as well as length of employment with the company, I have personal knowledge of the following facts:

   a)    ZC Sterling Insurance Agency, Inc. is a Program Manager for Empire Indemnity Insurance Company.

   b)    Empire Indemnity Insurance Company provided property insurance to a dwelling at 4732 Beaver Pond Dr., Brownsville, Cameron County, Texas 78520-9224 with limits of $159,000.00 for the policy period of November 6, 2002 to November 6, 2003.

*Affidavit of James P. Novak*
*Tharpe vs. ZC Sterling Insurance Agency, Inc.*
*Page1*

c)         ZC Sterling Insurance Agency, Inc. is the custodian of the records attached to this affidavit, to wit, Empire Indemnity Insurance Company Policy No. RFR764830-1 (hereinafter referred to as the Insurance Policy).

d)         The Insurance Policy attached to this affidavit, is kept in the regular course of ZC Sterling Insurance Agency, Inc.'s business. It was the regular course of that business for an employee or representative of the business with knowledge of the act, event, condition, or opinion recorded to keep these records or to transmit information thereof to be included in such records. The records were made at or near the time of the act, event, condition, or opinion recorded, or reasonably soon thereafter. The attached records are true and correct and duplicates of the originals.

e)         Empire Indemnity Insurance Company is an Oklahoma Corporation, with its principal place of business in Omaha, Nebraska.

f)         ZC Sterling Insurance Agency, Inc. is a California Corporation with its principal place of business in Irvine, California.

Further Affiant sayeth naught.

James P. Novak

*Affidavit of James P. Novak*
*Tharpe vs. ZC Sterling Insurance Agency, Inc.*
*Page 2*

Sworn to and subscribed to before me on this the 31st day of August, 2004.

_Wendolyn M Bailey_
NOTARY PUBLIC

_Wendolyn M. Bailey_
Printed Name:
My Commission Expires: _January 28, 2006_

Notary Public, Henry County, Georgia
My Commission Expires Jan. 28, 2006

*Affidavit of James P. Novak*
*Tharpe vs. ZC Sterling Insurance Agency, Inc.*
*Page 3*

**EMPIRE INDEMNITY INSURANCE COMPANY**
13810 FNB Parkway
Omaha, NE 68154-5202

Toll Free Customer Service: 1-877-223-7699
P.O. Box 57621
Jacksonville, FL 32241-7621

## Additional Named Insured Certificate

NOTIFICATION DATE:    02/19/03

LOAN NUMBER: 40167983

**ADDITIONAL NAMED INSURED**
RICHARD BRUCE THARPE
4732 BEAVER POND DR
BROWNSVILLE, TX 78520-9224

**NAMED INSURED MORTGAGEE**
HomEq Servicing Corporation
Its affiliates, successors
and assignees
P.O. Box 57621
Jacksonville, FL 32241-7621

|  | Amount of Insurance | Annual Premium |
|---|---|---|
| Dwelling | $ 159,000 | $ 3,180.00 |
| Personal Property Endorsement | $ 0 | $ 0.00 |
| Additional Living Expense Endorsement | $ 0 | $ 0.00 |
| Other Endorsements |  | $ 0.00 |

**POLICY NUMBER:**    RFR764830-1

**POLICY TERM:**    12 MONTHS

FROM    11/06/02    TO    11/06/03

☐ NOON    ☒ 12:01 A.M.

**Deductible - per loss**

Wind/Hail — $ 2,000 or 2% of insured amount, whichever is greater

Vandalism & Malicious Mischief
    Property is VACANT at time of loss    $ 1,000
    Property is NOT VACANT at time of loss    $ 1,000

All Other Covered Losses    $ 500

**DESCRIBED LOCATION** (if different from mailing address)
4732 BEAVER POND DR
BROWNSVILLE, TX 78520-9224

**ENDORSEMENTS** ATTACHED AND FORMING A PART OF THE POLICY.
RP1192 (0101),RP1200 (0397),RP1201 (0397), IL1596 (0200),IL1597 (0200),RP2000 (1001)

|  | Limit of Liability | Annual Premium |
|---|---|---|
| Personal Liability Endorsement | $ 0 | $ 0.00 |
| Medical Payments | $ 0 |  |
| SURPLUS LINES TAX    4.85 % |  | $ 154.23 |
| STAMPING FEE    0.15 % |  | $ 4.77 |
| ANNUAL TOTAL CHARGES |  | $ 3,339.00 |

"THIS INSURANCE CONTRACT IS WITH AN INSURER NOT LICENSED TO TRANSACT INSURANCE IN THIS STATE AND IS ISSUED AND DELIVERED AS A SURPLUS LINES COVERAGE PURSUANT TO THE TEXAS INSURANCE STATUTES. THE STATE BOARD OF INSURANCE DOES NOT AUDIT THE FINANCES OR REVIEW THE SOLVENCY OF THE SURPLUS LINES INSURER PROVIDING THIS COVERAGE, AND THIS INSURER IS NOT A MEMBER OF THE PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION CREATED UNDER ARTICLE 21.28-C, INSURANCE CODE. ARTICLE 1.14-2, INSURANCE CODE, REQUIRES PAYMENT OF 4.85 PERCENT TAX ON GROSS PREMIUM."

*Charles D. Helton*
_____
Countersigning Agent
(if required by State Insurance Law)

AGENT NAME AND ADDRESS:
CHARLES D. HELTON
400 S. INDUSTRIAL, SUITE 300
EULESS, TX 76040
800.888.3008

RP 1192 0101

PAGE 1 of 2

**Personal Property and Personal Liability Coverages -** If an Amount of Insurance and a premium charge are shown for this coverage, we will cover your personal property in the Dwelling against the perils specified in the Personal Property Endorsement. If a Limit of Liability and a premium charge is shown for this coverage, we will also cover your personal liability. Please refer to the applicable endorsement for a description of the type and scope of coverage provided. These endorsements are available only for a residence that is owner occupied. **These coverages are void if the residence is vacant or occupied by someone other than the Additional Named Insured shown above.**

**DEDUCTIBLES:** Please refer to the deductibles shown for the coverages provided by this policy.

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Dwelling Coverage Form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Named Insured with respect to such property, subject to the following additional provisions:

(a) The above Named Insured Mortgagee is authorized to act for such Additional Named Insureds in all matters pertaining to this insurance including receipt of Notice of Cancellation; and return premium, if any.                              (b) The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Named Insured for the insurance afforded.

(c) Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Named Insured as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Named Insured, at the company's option.

# Table of Contents

Page(s) #

AGREEMENT ........................................................................................ 1

DEFINITIONS...................................................................................... 1

COVERAGES ...................................................................................... 1

OTHER COVERAGES.......................................................................... 1-2

PERILS INSURED AGAINST ............................................................ 2-3

GENERAL EXCLUSIONS ................................................................... 3-4

CONDITIONS....................................................................................... 4-6

# Dwelling Coverage Form

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

## DEFINITIONS

In this policy, "you" and "your" refer to the "Named Insured Mortgagee" and the "Additional Named Insured" shown in the Declarations. "We", "us" and "our" refer to the Company providing this insurance.

## COVERAGES

This insurance applies to the Described Location, Coverages for which an Amount of Insurance is shown and Perils Insured Against for which a Premium is stated.

**COVERAGE A - Dwelling**

We cover:

1. the dwelling on the Described Location shown in the Declarations, used principally for dwelling purposes not to exceed four (4) living units, including, but not limited to, individually owned townhouses or permanently situated mobile homes;

2. structures attached to the dwelling;

3. materials and supplies located on or next to the Described Location used to construct, alter or repair the dwelling or other structures on the Described Location; and

4. if not otherwise covered in this policy, building equipment, and outdoor equipment used for the service of and located on the Described Location.

This coverage does not apply to land, including land on which the dwelling is located.

**COVERAGE B - Other Structures**

We cover other structures on the Described Location, set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

This coverage does not apply to land, including land on which the other structures are located.

We do not cover other structures:

1. used in whole or in part for commercial, manufacturing or farming purposes; or

2. rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

## OTHER COVERAGES

1. **Other Structures.** You may use up to 10% of the Coverage A amount of insurance for loss by a Peril Insured Against to other structures described in Coverage B.

Use of this coverage does not reduce the Coverage A amount of insurance for the same loss.

2. **Debris Removal.** We will pay your reasonable expense for the removal of:
   a. debris of covered property if a Peril Insured Against causes the loss; or
   b. ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

   Debris removal expense is included in the amount of insurance applying to Coverage A.

3. **Reasonable Repairs.** In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage. If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against.

This coverage:

    a. does not increase the amount of insurance that applies to the covered property;

    b. does not relieve you of your duties, in case of a loss to covered property, as set forth in Condition 4.b.

Reasonable Repairs is included in the amount of insurance applying to Coverage A.

4. **Collapse.** We insure for risk of direct damage physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    (1) hidden decay;

    (2) hidden insect or vermin damage;

    (3) weight of contents, equipment, animals or people;

    (4) weight of rain which collects on a roof;

    (5) use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items (1),(2),(3),(4) or (5) unless the loss is a direct result of the collapse of a building.

Collapse does not include settling, cracking or shrinking.

This coverage does not increase the amount of insurance applying to the damaged covered property.

## PERILS INSURED AGAINST

**COVERAGE A - DWELLING**
**COVERAGE B - OTHER STRUCTURES**

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:

1. involving collapse, other than as provided in Other Coverages 4.;

2. caused by:

    a. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion applies only while the dwelling is being constructed;

    b. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a:

        (1) fence, pavement, patio or swimming pool;

        (2) foundation, retaining wall or bulkhead; or

        (3) pier, wharf or dock;

    c. theft of property not part of a covered building or structure;

    d. theft in or to a dwelling or structure under construction;

    e. wind, hail, ice, snow or sleet to outdoor radio or television antennas and aerials including lead-in wiring, masts or towers;

    f. constant or repeated seepage or leakage of water or steam over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance;

    g. (1) wear and tear, marring, deterioration;

        (2) inherent vice, latent defect, mechanical breakdown;

        (3) smog, rust or other corrosion, mold, wet or dry rot;

        (4) smoke from agricultural smudging or industrial operations;

        (5) discharge, dispersal, seepage, migration, release or escape of pollutants;

        Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed;

        (6) settling, shrinking, bulging or expansion, including resultant cracking, or pavements, patios, foundations, walls, floors, roofs or ceilings; or

        (7) birds, vermin, rodents, insects or domestic animals.

    If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, we cover loss by the water including the cost of tearing out and replacing any part of a building necessary to repair

Includes copyrighted material of Insurance Services Office, Inc, with its permission. Copyright, Insurance Services Office, Inc. 1988

the system or appliance. ...e do not cover loss to the system or ap... nce from which this water escaped.

3. excluded under General Exclusions.

Under items 1 and 2, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.

## GENERAL EXCLUSIONS

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
   a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.
   b. **Earth Movement**, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking; rising or shifting; unless direct loss by:
      (1) fire;
      (2) explosion; or
      (3) breakage of glass or safety glazing material which is part of a building, storm door or storm window;
      ensues and then we will pay only for the ensuing loss.
   c. **Water Damage**, meaning:
      (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
      (2) water which backs up through sewers or drains or which overflows from a sump; or
      (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
      Direct loss by fire or explosion resulting from water damage is covered.
   d. **Power Failure**, meaning the failure of power or other utility service if the failure takes place off the Described Location. But, if a Peril Insured Against ensues on the Described Location, we will pay only for that ensuing loss.
   e. **Neglect**, meaning your neglect to use all reasonable means to save and preserve property at and after the time of a loss.
   f. **War**, including undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon will be deemed a warlike act even if accidental.
   g. **Nuclear Hazard**, to the extent set forth in the Nuclear Hazard Clause of the Conditions.
   h. **Intentional Loss**, meaning any loss arising out of any act committed:
      (1) by or at the direction of you or any person or organization named as an additional insured; and
      (2) with the intent to cause a loss.

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
   a. **Weather conditions**. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;
   b. **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;
   c. **Faulty, inadequate or defective:**
      (1) planning, zoning, development, surveying, siting;
      (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      (3) materials used in repair, construction, renovation or remodeling; or
      (4) maintenance;
      of part or all of any property whether on or off the Described Location.

3. We do not insure trees, shrubs or other plants for losses of any kind.

## CONDITIONS

1. **Policy Period.** This policy applies only to loss which occurs during the policy period.

2. **Insurable Interest and Amount of Insurance.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
   a. for an amount greater than the interest of a person insured under this policy; or
   b. for more than the applicable amount of insurance.

   If the Described Property is vacant and the mortgage on the property has been declared in default by the mortgagee at the time of a loss, we shall be liable for no more than the Mortgagee's interest in the property at the time of loss.

   The mortgagee's interest is represented by the mortgagor's unpaid balance, less unearned interest and finance charges, less unearned insurance premiums, less collection and foreclosure expenses, and less late charges and penalties added to the mortgagor's unpaid balance after the inception date of this policy.

3. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, you have:
   a. intentionally concealed or misrepresented any material fact or circumstance;
   b. engaged in fraudulent conduct; or
   c. made false statements;
   relating to this insurance.

4. **Your Duties After Loss.** In case of a loss to your covered property, you must see that the following are done:
   a. give prompt notice to us or our agent;
   b. (1) protect the property from further damage;
      (2) make reasonable and necessary repairs to protect the property; and
      (3) keep an accurate record of repair expenses;
   c. as often as we reasonably require:
      (1) show the damaged property;
      (2) provide us with records and documents we request and permit us to make copies; and
      (3) submit to examination under oath, while not in the presence of any other named insured, and sign the same;
   d. send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
      (1) the time and cause of loss;
      (2) your interest and that of all others in the property involved and all liens on the property;
      (3) other insurance which may cover the loss;
      (4) changes in title or occupancy of the property during the term of the policy;
      (5) specifications of damaged buildings and detailed repair estimates;

5. **Loss Settlement.** Covered property losses are settled as follows:
   a. (1) Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and
      (2) Structures that are not buildings;
      at actual cash value at the time of loss but not more than the amount required to repair or replace.
   b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
      (1) We will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
         (a.) the amount of insurance under this policy that applies to the building;
         (b.) the replacement cost of that part of the building damaged for like construction and use on the same premises; or
         (c.) the necessary amount actually spent to repair or replace the damaged building.
      (2) We will pay no more than the actual cash value of the damage unless:
         (a) actual repair or replacement is complete; or
         (b) the cost to repair or replace the damage is both:
            (i) less than 5% of the amount of insurance in this policy on the building; and
            (ii) less than $2,500.

Includes copyrighted material of Insurance Services Office, Inc, with its permission. Copyright, Insurance Services Office, Inc. 1988

(3) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability on a replacement cost basis.

6. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

7. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:
   a. Pay its own appraiser; and
   b. bear the other expenses of the appraisal and umpire equally.

8. **Other Insurance.** If property covered by this policy is also covered by other fire insurance, we will pay on an excess basis only.

9. **Subrogation.** You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If any assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

10. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

11. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

12. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
   a. reach an agreement with you;
   b. there is an entry of a final judgment; or
   c. there is a filing of an appraisal award with us.

No coverage will be available to any mortgagee other than that shown as the Named Insured Mortgagee on the Declarations page of this policy.

13. **Abandonment of Property.** We need not accept any property abandoned by you.

14. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

15. **Cancellation.**
   a. Coverage under this policy shall automatically and without prior notice cancel when the Named Insured Mortgagee no longer has an interest in the Described Property or when the Named Insured Mortgagee has been provided with another policy by the Additional Named Insured that meets the requirements of the Named Insured Mortgagee as set forth in the mortgage agreement applicable to the Described Property.
   b. This policy may be canceled by the Named Insured Mortgagee by returning the policy to us or notifying us in writing the date cancellation is to become effective.
   c. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the declarations.

Proof of mailing will be sufficient proof of notice.

(1) We may cancel this policy by mailing notice of cancellation to the Additional Named Insured at the address shown on the Additional Named Insured Endorsement or by delivering the notice not less than 30 days prior to the effective date of the cancellation.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

    (a) if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy, or

    (b) if the risk has changed substantially since the policy was issued.

This can be done by letting you know at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

d. When this policy is canceled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

e. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

**16. Non-Renewal.** We may elect not to renew this policy. We may do so by delivering to the Additional Named Insured, or mailing to the Additional Named Insured at the mailing address shown on the Additional Named Insured Endorsement, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

**17. Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

**18. Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

**19. Assignment.** Assignment of this policy will not be valid unless we give our written consent.

**20. Death.** If you die, we insure:

a. your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

b. with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

**21. Nuclear Hazard Clause.**

a. "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

b. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

c. This policy does not apply to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

**22. Recovered Property.** If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted on the amount you received for the recovered property.

**23. Volcanic Eruption Period.** One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

Includes copyrighted material of Insurance Services Office, Inc, with its permission. Copyright, Insurance Services Office, Inc. 1988

# TEXAS SERVICE OF SUIT

It is agreed that Empire Indemnity Insurance Company (herein called the "Company") may be sued on any cause of action arising in this state under any surplus lines insurance contract issued by it pursuant to the procedures provided by this state for unauthorized insurers.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision there-for, the Company hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance).

Service of process in such suit may be made upon Dennis A. Webber, Webber Insurance Agency, 4200 S. Hulen, Suite 529, Fort Worth, TX 76109. In any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any appellate Court in the event of an appeal.

The above named are authorized and directed to accept service of process on behalf of the Company in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Company's behalf in the event such a suit shall be instituted.

**All other terms, conditions, and agreements shall remain unchanged.**

IL1596 0200

# IMPORTANT NOTICE

To obtain information or make a complaint:

You may call the company's toll-free telephone number for information or to make a complaint at

1-877-223-7699

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

1-800-252-3439

You may write the Texas Department of Insurance

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim, you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

# AVISO IMPORTANTE

Para obtener información o para someter una queja:

Usted puede lamar al número de teléfono gratis de la compania para información o para someter una queja al

1-877-223-7699

Puedo comunicarse con el Departamento de Seguros de Texas para obtener información acerca de companias, coberturas, derechos o quejas al

1-800-252-3439

Puede escribir al Departamento de Seguros de Texas
P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con la compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para propósito de información y no se convierte en parte o condición del documento adjunto.

**Residential Property**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## MOLD OR FUNGI EXCLUSION

This endorsement modifies coverage provided under the Dwelling Coverage Form.  The following provisions apply to your policy.

Under "Perils Insured Against," "Coverage A and B Dwelling and Other Structures," Item 2., g., (3), **the following provision is deleted in its entirety:**

g.(3)    Smog, rust or other corrosion, mold, wet or dry rot;

**and is replaced by the following:**

g.(3)    Smog, rust or other corrosion, mold or other fungi, or wet or dry rot.  This policy specifically excludes coverage for losses caused by or resulting from mold or other fungi, or wet or dry rot, which results directly or indirectly from either a covered or an excluded peril.  We will not pay for the costs of testing, monitoring, abating, mitigating, removing, remediating, or disposing of mold or other fungi, or wet or dry rot.  We will not be responsible for any supervision, instruction, recommendation, warning, or advice given or which should have been given or any obligation to share with or repay someone who must pay damages because of such injury or damage.

All other terms and conditions of this policy remain unchanged.

RP2000 1001                                     Empire Indemnity Insurance Company

**EMPIRE INDEMNITY INSURANCE COMPANY**
13810 FNB Parkway
Omaha, NE 68154-5202

Customer Service: 1-877-223-7699
P.O. Box 57621
Jacksonville, FL 32241-7621



NOTIFICATION DATE:   02/19/03

LOAN NUMBER: 40167983

**ADDITIONAL NAMED INSURED**
RICHARD BRUCE THARPE
4732 BEAVER POND DR
BROWNSVILLE, TX 78520-9224

**NAMED INSURED MORTGAGEE**
HomEq Servicing Corporation
Its affiliates, successors
and assignees
P.O. Box 57621
Jacksonville, FL 32241-7621

| | Amount of Insurance | Annual Premium |
|---|---|---|
| Dwelling | $ 159,000 | $ 3,180.00 |
| Personal Property Endorsement | $ 0 | $ 0.00 |
| Additional Living Expense Endorsement | $ 0 | $ 0.00 |
| Other Endorsements | | $ 0.00 |

**POLICY NUMBER:**    RFR764830-1

**POLICY TERM:**  12 MONTHS

FROM   11/06/02      TO   11/06/03

☐ NOON      ☒ 12:01 A.M.

**Deductible - per loss**

Wind/Hail — $ 2,000 or 2 % of insured amount, whichever is greater

Vandalism & Malicious Mischief
Property is VACANT at time of loss   $ 1,000
Property is NOT VACANT at time of loss   $ 1,000

All Other Covered Losses   $ 500

**DESCRIBED LOCATION** (if different from mailing address)
4732 BEAVER POND DR
BROWNSVILLE, TX 78520-9224

**ENDORSEMENTS** ATTACHED AND FORMING A PART OF THE POLICY.
RP1192 (0101),RP1200 (0397),RP1201 (0397),
IL1596 (0200),IL1597 (0200),RP2000 (1001)

| | Limit of Liability | Annual Premium |
|---|---|---|
| Personal Liability Endorsement | $ 0 | $ 0.00 |
| Medical Payments | $ 0 | |
| SURPLUS LINES TAX    4.85 % | | $ 154.23 |
| STAMPING FEE    0.15 % | | $ 4.77 |
| ANNUAL TOTAL CHARGES | | $ 3,339.00 |

"THIS INSURANCE CONTRACT IS WITH AN INSURER NOT LICENSED TO TRANSACT INSURANCE IN THIS STATE AND IS ISSUED AND DELIVERED AS A SURPLUS LINES COVERAGE PURSUANT TO THE TEXAS INSURANCE STATUTES.  THE STATE BOARD OF INSURANCE DOES NOT AUDIT THE FINANCES OR REVIEW THE SOLVENCY OF THE SURPLUS LINES INSURER PROVIDING THIS COVERAGE, AND THIS INSURER IS NOT A MEMBER OF THE PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION CREATED UNDER ARTICLE 21.28-C, INSURANCE CODE.  ARTICLE 1.14-2, INSURANCE CODE, REQUIRES PAYMENT OF 4.85 PERCENT TAX ON GROSS PREMIUM."

*Charles D. Helton*
_____
Countersigning Agent
(if required by State Insurance Law)

AGENT NAME AND ADDRESS:
CHARLES D. HELTON
400 S. INDUSTRIAL, SUITE 300
EULESS, TX 76040
800.888.3008

RP 1192 0101

**Personal Property and Personal Liability Coverages -** If an Amount of Insurance and a premium charge are shown for this coverage, we will cover your personal property in the Dwelling against the perils specified in the Personal Property Endorsement.  If a Limit of Liability and a premium charge is shown for this coverage, we will also cover your personal liability.  Please refer to the applicable endorsement for a description of the type and scope of coverage provided.  These endorsements are available only for a residence that is owner occupied.  **These coverages are void if the residence is vacant or occupied by someone other than the Additional Named Insured shown above.**

**DEDUCTIBLES:**  Please refer to the deductibles shown for the coverages provided by this policy.

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Dwelling Coverage Form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Named Insured with respect to such property, subject to the following additional provisions:

(a)  The above Named Insured Mortgagee is authorized to act for such Additional Named Insureds in all matters pertaining to this insurance including receipt of Notice of Cancellation;  and return premium, if any.                                                (b) The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Named Insured for the insurance afforded.
(c)  Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Named Insured as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Named Insured, at the company's option.

# Table of Contents

Page(s) #

AGREEMENT ................................................................................. 1

DEFINITIONS................................................................................. 1

COVERAGES .................................................................................. 1

OTHER COVERAGES...................................................................... 1-2

PERILS INSURED AGAINST ......................................................... 2-3

GENERAL EXCLUSIONS ............................................................... 3-4

CONDITIONS.................................................................................. 4-6

RP1200 0397

# RESIDENTIAL PROPERTY
## Dwelling Coverage Form

███████████████████████████████████████████████████

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

███████████████████████████████████████████████████

In this policy, "you" and "your" refer to the "Named Insured Mortgagee" and the "Additional Named Insured" shown in the Declarations.  "We", "us" and "our" refer to the Company providing this insurance.

███████████████████████████████████████████████████

This insurance applies to the Described Location, Coverages for which an Amount of Insurance is shown and Perils Insured Against for which a Premium is stated.

**COVERAGE A - Dwelling**

We cover:

1.  the dwelling on the Described Location shown in the Declarations, used principally for dwelling purposes not to exceed four (4) living units, including, but not limited to, individually owned townhouses or permanently situated mobile homes;

2.  structures attached to the dwelling;

3.  materials and supplies located on or next to the Described Location used to construct, alter or repair the dwelling or other structures on the Described Location; and

4.  if not otherwise covered in this policy, building equipment, and outdoor equipment used for the service of and located on the Described Location.

This coverage does not apply to land, including land on which the dwelling is located.

**COVERAGE B - Other Structures**

We cover other structures on the Described Location, set apart from the dwelling by clear space.  This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

This coverage does not apply to land, including land on which the other structures are located.

We do not cover other structures:
1.  used in whole or in part for commercial, manufacturing or farming purposes; or
2.  rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

███████████████████████████████████████████████████

1.  **Other Structures.**  You may use up to 10% of the Coverage A amount of insurance for loss by a Peril Insured Against to other structures described in Coverage B.

Use of this coverage does not reduce the Coverage A amount of insurance for the same loss.

2.  **Debris Removal.**  We will pay your reasonable expense for the removal of:
    a.  debris of covered property if a Peril Insured Against causes the loss; or
    b.  ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

    Debris removal expense is included in the amount of insurance applying to Coverage A.

3.  **Reasonable Repairs.**  In the event that covered property is damaged by an applicable Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage.  If the measures taken involve repair to other damaged property, we will pay for those measures only if that property is covered under this policy and the damage to that property is caused by an applicable Peril Insured Against.

a. does not increase the amount of insurance that applies to the covered property;

b. does not relieve you of your duties, in case of a loss to covered property, as set forth in Condition 4.b.

Reasonable Repairs is included in the amount of insurance applying to Coverage A.

4. **Collapse**. We insure for risk of direct damage physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

    (1) hidden decay;

    (2) hidden insect or vermin damage;

    (3) weight of contents, equipment, animals or people;

    (4) weight of rain which collects on a roof;

    (5) use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

Loss to an awning, fence, patio, pavement, swimming pool, underground pipe, flue, drain, cesspool, septic tank, foundation, retaining wall, bulkhead, pier, wharf or dock is not included under items (1),(2),(3),(4) or (5) unless the loss is a direct result of the collapse of a building.

Collapse does not include settling, cracking or shrinking.

This coverage does not increase the amount of insurance applying to the damaged covered property.

## COVERAGE A - DWELLING
## COVERAGE B - OTHER STRUCTURES

We insure against risk of direct loss to property described in Coverages A and B only if that loss is a physical loss to property; however, we do not insure loss:

1. involving collapse, other than as provided in Other Coverages 4.;

2. caused by:

    a. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing. This exclusion applies only while the dwelling is being constructed;

    b. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a:

        (1) fence, pavement, patio or swimming pool;

        (2) foundation, retaining wall or bulkhead; or

        (3) pier, wharf or dock;

    c. theft of property not part of a covered building or structure;

    d. theft in or to a dwelling or structure under construction;

    e. wind, hail, ice, snow or sleet to outdoor radio or television antennas and aerials including lead-in wiring, masts or towers;

    f. constant or repeated seepage or leakage of water or steam over a period of weeks, months or years from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or from within a household appliance;

    g. (1) wear and tear, marring, deterioration;

        (2) inherent vice, latent defect, mechanical breakdown;

        (3) smog, rust or other corrosion, mold, wet or dry rot;

        (4) smoke from agricultural smudging or industrial operations;

        (5) discharge, dispersal, seepage, migration, release or escape of pollutants;

        Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed;

        (6) settling, shrinking, bulging or expansion, including resultant cracking, or pavements, patios, foundations, walls, floors, roofs or ceilings; or

        (7) birds, vermin, rodents, insects or domestic animals.

If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, we cover loss by the water including the cost of tearing out and replacing any part of a building necessary to repair

---

ous system or appliance   s do not cover loss to the system or a   nce from which this water escaped.

3. excluded under General Exclusions.

Under items 1 and 2, any ensuing loss to property described in **Coverages A and B** not excluded or excepted in this policy is covered.

1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
   a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the use, construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.
   b. **Earth Movement**, meaning earthquake including land shock waves or tremors before, during or after a volcanic eruption; landslide; mine subsidence; mudflow; earth sinking; rising or shifting; unless direct loss by:
      (1) fire;
      (2) explosion; or
      (3) breakage of glass or safety glazing material which is part of a building, storm door or storm window;
      ensues and then we will pay only for the ensuing loss.
   c. **Water Damage**, meaning:
      (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
      (2) water which backs up through sewers or drains or which overflows from a sump; or
      (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
      Direct loss by fire or explosion resulting from water damage is covered.
   d. **Power Failure**, meaning the failure of power or other utility service if the failure takes place off the Described Location. But, if a Peril Insured Against ensues on the Described Location, we will pay only for that ensuing loss.
   e. **Neglect**, meaning your neglect to use all reasonable means to save and preserve property at and after the time of a loss.
   f. **War**, including undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon will be deemed a warlike act even if accidental.
   g. **Nuclear Hazard**, to the extent set forth in the Nuclear Hazard Clause of the Conditions.
   h. **Intentional Loss**, meaning any loss arising out of any act committed:
      (1) by or at the direction of you or any person or organization named as an additional insured; and
      (2) with the intent to cause a loss.

2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
   a. **Weather conditions.** However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;
   b. **Acts or decisions**, including the failure to act or decide, of any person, group, organization or governmental body;
   c. **Faulty, inadequate or defective:**
      (1) planning, zoning, development, surveying, siting;
      (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      (3) materials used in repair, construction, renovation or remodeling; or
      (4) maintenance;
   of part or all of any property whether on or off the Described Location.

3. We do not insure trees, shrubs or other plants for losses of any kind.

RP1201 0397          Includes copyrighted material of Insurance Services Office, Inc, with its permission. Copyright, Insurance Services Office, Inc. 1988          Page 3 of 6

1. **Policy Period.** This policy applies only to loss which occurs during the policy period.

2. **Insurable Interest and Amount of Insurance.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:
   a. for an amount greater than the interest of a person insured under this policy; or
   b. for more than the applicable amount of insurance.

   If the Described Property is vacant and the mortgage on the property has been declared in default by the mortgagee at the time of a loss, we shall be liable for no more than the Mortgagee's interest in the property at the time of loss.

   The mortgagee's interest is represented by the mortgagor's unpaid balance, less unearned interest and finance charges, less unearned insurance premiums, less collection and foreclosure expenses, and less late charges and penalties added to the mortgagor's unpaid balance after the inception date of this policy.

3. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, you have:
   a. intentionally concealed or misrepresented any material fact or circumstance;
   b. engaged in fraudulent conduct; or
   c. made false statements;
   relating to this insurance.

4. **Your Duties After Loss.** In case of a loss to your covered property, you must see that the following are done:
   a. give prompt notice to us or our agent;
   b. (1) protect the property from further damage;
      (2) make reasonable and necessary repairs to protect the property; and
      (3) keep an accurate record of repair expenses;
   c. as often as we reasonably require:
      (1) show the damaged property;
      (2) provide us with records and documents we request and permit us to make copies; and
      (3) submit to examination under oath, while not in the presence of any other named insured, and sign the same;
   d. send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
      (1) the time and cause of loss;
      (2) your interest and that of all others in the property involved and all liens on the property;
      (3) other insurance which may cover the loss;
      (4) changes in title or occupancy of the property during the term of the policy;
      (5) specifications of damaged buildings and detailed repair estimates;

5. **Loss Settlement.** Covered property losses are settled as follows:
   a. (1) Awnings, carpeting, household appliances, outdoor antennas and outdoor equipment, whether or not attached to buildings; and
      (2) Structures that are not buildings;
      at actual cash value at the time of loss but not more than the amount required to repair or replace.
   b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
      (1) We will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
         (a.) the amount of insurance under this policy that applies to the building;
         (b.) the replacement cost of that part of the building damaged for like construction and use on the same premises; or
         (c.) the necessary amount actually spent to repair or replace the damaged building.
      (2) We will pay no more than the actual cash value of the damage unless:
         (a) actual repair or replacement is complete; or
         (b) the cost to repair or replace the damage is both:
            (i) less than 5% of the amount of insurance in this policy on the building; and
            (ii) less than $2,500.

 Includes copyrighted material of Insurance Services Office, Inc, with its permission. Copyright, Insurance Services Office, Inc. 1988

Case 6:04-cv-00363-HLT-JPO Document 12 Filed 09/13/2004 Page 27 of 46

policy for loss or dan.  .j to buildings on an actual cash value b.  .. You may then make claim within 180 days after loss for any additional liability on a replacement cost basis.

6. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

7. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the Described Location is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

Each party will:
a. Pay its own appraiser; and
b. bear the other expenses of the appraisal and umpire equally.

8. **Other Insurance.** If property covered by this policy is also covered by other fire insurance, we will pay on an excess basis only.

9. **Subrogation.** You may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If any assignment is sought, the person insured must sign and deliver all related papers and cooperate with us.

10. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

11. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

12. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
a. reach an agreement with you;
b. there is an entry of a final judgment; or
c. there is a filing of an appraisal award with us.

No coverage will be available to any mortgagee other than that shown as the Named Insured Mortgagee on the Declarations page of this policy.

13. **Abandonment of Property.** We need not accept any property abandoned by you.

14. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage that benefits a person or organization holding, storing or moving property for a fee regardless of any other provision of this policy.

15. **Cancellation.**
a. Coverage under this policy shall automatically and without prior notice cancel when the Named Insured Mortgagee no longer has an interest in the Described Property or when the Named Insured Mortgagee has been provided with another policy by the Additional Named Insured that meets the requirements of the Named Insured Mortgagee as set forth in the mortgage agreement applicable to the Described Property.
b. This policy may be canceled by the Named Insured Mortgagee by returning the policy to us or notifying us in writing the date cancellation is to become effective.
c. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the declarations.

Proof of mailing will be sufficient proof of notice.

(1) we may cancel this policy by mailing notice of cancellation to the Additional Named Insured at the address shown on the Additional Named Insured Endorsement or by delivering the notice not less than 30 days prior to the effective date of the cancellation.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

  (a) if there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy, or

  (b) if the risk has changed substantially since the policy was issued.

  This can be done by letting you know at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

d. When this policy is canceled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

e. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

**16. Non-Renewal.** We may elect not to renew this policy. We may do so by delivering to the Additional Named Insured, or mailing to the Additional Named Insured at the mailing address shown on the Additional Named Insured Endorsement, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

**17. Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

**18. Waiver or Change of Policy Provisions.** A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

**19. Assignment.** Assignment of this policy will not be valid unless we give our written consent.

**20. Death.** If you die, we insure:

a. your legal representatives but only with respect to the property of the deceased covered under the policy at the time of death;

b. with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

**21. Nuclear Hazard Clause.**

a. "Nuclear Hazard" means any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these.

b. Loss caused by the nuclear hazard will not be considered loss caused by fire, explosion, or smoke, whether these perils are specifically named in or otherwise included within the Perils Insured Against.

c. This policy does not apply to loss caused directly or indirectly by nuclear hazard, except that direct loss by fire resulting from the nuclear hazard is covered.

**22. Recovered Property.** If you or we recover any property for which we have made payment under this policy, you or we will notify the other of the recovery. At your option, the property will be returned to or retained by you or it will become our property. If the recovered property is returned to or retained by you, the loss payment will be adjusted on the amount you received for the recovered property.

**23. Volcanic Eruption Period.** One or more volcanic eruptions that occur within a 72-hour period will be considered as one volcanic eruption.

# TEXAS SERVICE OF SUIT

It is agreed that Empire Indemnity Insurance Company (herein called the "Company") may be sued on any cause of action arising in this state under any surplus lines insurance contract issued by it pursuant to the procedures provided by this state for unauthorized insurers.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision there-for, the Company hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance).

Service of process in such suit may be made upon Dennis A. Webber, Webber Insurance Agency, 4200 S. Hulen, Suite 529, Fort Worth, TX 76109.  In any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any appellate Court in the event of an appeal.

The above named are authorized and directed to accept service of process on behalf of the Company in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Company's behalf in the event such a suit shall be instituted.

**All other terms, conditions, and agreements shall remain unchanged.**

**IL1596 0200**
**Texas**

**Page 1 of 1**

# IMPORTANT NOTICE

To obtain information or make a complaint:

You may call the company's toll-free telephone number for information or to make a complaint at

1-877-223-7699

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at

1-800-252-3439

You may write the Texas Department of Insurance

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim, you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

**ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document.

# AVISO IMPORTANTE

Para obtener información o para someter una queja:

Usted puede lamar al número de teléfono gratis de la compania para información o para someter una queja al

1-877-223-7699

Puedo comunicarse con el Departamento de Seguros de Texas para obtener información acerca de companias, coberturas, derechos o quejas al

1-800-252-3439

Puede escribir al Departamento de Seguros de Texas

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

**DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con la compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

**UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para propósito de información y no se convierte en parte o condición del documento adjunto.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## MOLD OR FUNGI EXCLUSION

This endorsement modifies coverage provided under the Dwelling Coverage Form.  The following provisions apply to your policy.

Under "Perils Insured Against," "Coverage A and B Dwelling and Other Structures," Item 2., g., (3), **the following provision is deleted in its entirety:**

> g.(3)   Smog, rust or other corrosion, mold, wet or dry rot;

**and is replaced by the following:**

> g.(3)   Smog, rust or other corrosion, mold or other fungi, or wet or dry rot.  This policy specifically excludes coverage for losses caused by or resulting from mold or other fungi, or wet or dry rot, which results directly or indirectly from either a covered or an excluded peril.  We will not pay for the costs of testing, monitoring, abating, mitigating, removing, remediating, or disposing of mold or other fungi, or wet or dry rot.  We will not be responsible for any supervision, instruction, recommendation, warning, or advice given or which should have been given or any obligation to share with or repay someone who must pay damages because of such injury or damage.

All other terms and conditions of this policy remain unchanged.

RP2000 1001                                         Empire Indemnity Insurance Company

CAUSE NO.

| | |
|---|---|
| RICHARD BRUCE THARPE | ) IN THE COU~~RT~~ **FILED FOR RECORD** |
| | ) AT _____ O'CLOCK ____ M |
| VS. | ) AT LAW NO. ___ OF___ |
| | ) MAY 2 1 2004 |
| ZC STERLING INSURANCE | ) CAMERON COUNTY, TEXAS |
| AGENCY, INC. | ) JOE G. RIVERA |
| | CAMERON COUNTY CLERK |
| | By _____ Deputy |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICHARD BRUCE THARPE, hereinafter referred to as the

Plaintiff in the above-styled and numbered cause and complains of ZC STERLING

INSURANCE AGENCY, INC, hereinafter referred to as the Defendant, and for cause of

action would show this Honorable Court as follows:

### I.
### Level Designation

1.01    Plaintiff hereby files this Petition as a Level 2 Case.

### II.
### Parties

2.01    Plaintiff RICHARD BRUCE THARPE is a resident of Cameron County,

Texas.

2.02    Defendant ZC STERLING INSURANCE AGENCY, INC. is an

individual doing business in the State of Texas and may be served with process at P.O.

Box 1599, Lake Forest, CA 92630-1599. Request is hereby made that Defendant be

served by the Cameron County Clerk's Office by Registered, Certified Mail.

III.

Venue

Venue is proper in Cameron County, Texas because the Plaintiff is a resident of Cameron County, Texas and because all of the events giving rise to this lawsuit occurred in Cameron County, Texas. Further, venue is proper in Cameron County, Texas pursuant to applicable provisions of the Texas Insurance Code.

IV.

4.01    Plaintiff brings this cause of action to recover actual damages for bad faith, failure to settle, and Deceptive Trade Practices arising out of Defendant's intentional wrongful conduct in violation of the Texas Insurance Code.

4.02    On or about April 8, 2003 Plaintiff's home located at 4732 Beaver Pond suffered extensive damage due to a hail storm. Said damage includes, but is not limited to, damages to the roof and structure of the home, the fence surrounding said property, uninsured personal vehicle(s) damaged as a result of said hailstorm, the garage door of the residence, the chimney of the residence, etc. Plaintiff reported the damage to Defendant within a reasonable period of time. Defendant sent appraisers to the residence who wrongfully and intentionally undervalued the damage in comparison to damages recovered by other homeowners suffering similar damage in the neighborhood. Plaintiff believes that Defendant intentionally sent appraisers to wrongfully undervalue the extent of Plaintiff's damages.

4.03  Further, Defendant has refused to offer the reasonable value of the cost of repairs to said damage, in violation of the policy of insurance existing on the residence,

and in violation of applicable provisions of the Texas Insurance Code. Defendant's actions constitute bad faith failure to settle, and Deceptive Trade Practices and Plaintiff seeks treble damages accordingly, which are in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer, for a jury trial, and that on final hearing, have judgment against Defendant in an amount in excess of the minimum jurisdictional limits of the Court, treble damages for Defendant's wrongful and intentional conduct which rises to the level of bad faith, treble damages for Defendant's intentional violations of the Texas Deceptive Trade Practices Act, together with pre-judgment and post-judgment interest at the lawful rate, costs of court, attorney's fees, and for such other and further relief to which the Plaintiff may be justly entitled, either at law or in equity.

Respectfully submitted,

R. BRUCE THARPE, PRO SE
Texas State Bar ID No. 19823890
LAW OFFICES OF R. BRUCE THARPE
2000 Central Blvd., Suite O
Brownsville, Texas 78520
(956) 546-2400
(956) 546-4362 -- Fax

JOE G. RIVERA
COUNTY CLERK, CAMERON COUNTY
P.O. BOX 2178
BROWNSVILLE, TEXAS 78522-2178

CLAIMS DEPT.

ZC STANDARD INSURANCE AGENCY, INC.
P.O. BOX 1599
LAKE FOREST, CA 92630-1599

**RETURN RECEIPT REQUESTED**

NOTICE
FIRST
FINAL
RETURN

CAUSE NO. 2004-CCL-00601-A

| | | |
|---|---|---|
| RICHARD BRUCE THARPE, | § | IN THE COUNTY COURT |
| **Plaintiff** | § | |
| | § | |
| VS. | § | AT LAW NO. 1 |
| | § | |
| ZC STERLING INSURANCE AGENCY | § | |
| INC., | § | |
| **Defendant** | § | CAMERON COUNTY, T E X A S |

FILED FOR RECORD
AT ___ O'CLOCK ___ M
JUN 2 3 2004
JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

## DEFENDANT ZC STERLING INSURANCE AGENCY, INC.'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME **ZC STERLING INSURANCE AGENCY, INC.,** Defendant in the above styled and numbered cause, and files this its Original Answer, saying:

### I.

Subject to such stipulations and admissions as may be made hereinafter, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations made against Defendant by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas.

### II.

Pleading in the alternative if the same be necessary, Defendant hereby incorporates into this Answer Exhibit "A" Empire Indemnity Insurance Company Policy No. RFR764830-1, incorporated herein by reference including applicable exclusions and endorsements.

## III.

Pleading in the alternative, if the same be necessary, Defendant would show that under the insurance policy in question, the following additional exclusions apply:

**"PERILS INSURED AGAINST**

### COVERAGE A - DWELLING and COVERAGE B - OTHER STRUCTURE

We insure against risk of direct loss to property described in Coverage's A and B only if that loss is a physical loss to property; however, we do insure loss:

2.     Caused by:

     g.    (1)    wear and tear, marring, deterioration;
            (2)    inherent vice, latent defect, mechanical breakdown;
            (3)    smog, rust or other corrosion, mold wet or dry rot;
            (6)    settling, shrinking, bulging or expansion, including resultant cracking of pavements, patios, foundations, walls floors, roofs or ceilings;

### GENERAL EXCLUSIONS:

1.     We do not insure for loss caused directly or indirectly by any of the following: Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

     c.    Water Damage, meaning:
          (1)    flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
          (2)    water which backs up through sewers or drains or which overflows from a sump; or
          (3)    water below the surface of the ground including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

2.     We do not insure for loss to property described in Coverage's A and B caused by any of the following: However, any ensuing loss to property described in Coverage's A and B not excluded or excepted in this policy is covered.

*Defendants ZC Sterling Insurance Agency, Inc.'s*
*Original Answer*
*Page 2*

c.    Faulty, inadequate or defective;

    (1)    planning, zoning, development, surveying, siting;
    (2)    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    (3)    materials used in repair, construction, renovation or remodeling; or
    (4)    maintenance;

## MOLD OR FUNGI EXCLUSION

This endorsement modifies coverage provided under the Dwelling Coverage Form. The following provisions apply to your policy:

Under "Perils Insured Against," "Coverage A and B Dwelling and Other Structures," Item 2., g., (3), **the following provision is deleted in its entirety:**

    g.(3)    Smog, rust or other corrosion, mold, wet or dry rot;

**and is replaced by the following:**

    g.(3)    Smog, rust or other corrosion, mold or other fungi, or wet or dry rot. This policy specifically excludes coverage for losses caused by or resulting from mold or other fungi, or wet or dry rot, which results directly or indirectly from either a covered or an excluded peril. We will not pay for the costs of testing, monitoring, abating, mitigating, removing, remediating, or disposing of mold or other fungi, or wet or dry rot. We will not be responsible for any supervision, instruction, recommendation, warning, or advise given or which should have been given or any obligation to share with or repay someone who must pay damages because of such injury or damage.

All other terms and conditions of this policy remain unchanged."

## IV.

Pleading in the alternative, if the same be necessary, the following additional exclusion under the policy applies:

    "**Suit against us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."

*Defendants ZC Sterling Insurance Agency, Inc.'s*
*Original Answer*
*Page 3*

This loss occurred on April 8, 2003. Attached as Exhibit "B" is the citation and incorporated herein. The citation shows that the petition was filed on May 21, 2004, more than twelve months after the date of loss and therefore, the plaintiff's claims are contractually barred.

## V.

Pleading in the alternative, should the same be necessary, Defendant pleads that the prerequisite notices required under the Texas Deceptive Trade Practices Act and Insurance Code have not been given and therefore, the condition preceding the filing of claims under these statutes has not been met.

WHEREFORE, PREMISES CONSIDERED, Defendant **ZC STERLING INSURANCE AGENCY, INC.** prays that upon a final hearing hereof, Plaintiff recover nothing of and from Defendant and that the Court enter a judgment that Defendant go hence without day with all costs of Court and expenses incurred herein, and for all such further relief, general, special, legal, and equitable which might be appropriate.

Respectfully submitted,

**BARKER, LEON, FANCHER
& MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

Roland E. Leon
State Bar No. 12207400
Attorneys for Defendant
**ZC STERLING INSURANCE AGENCY, INC.**

*Defendants ZC Sterling Insurance Agency, Inc.'s*
*Original Answer*
*Page 4*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this the 17 day of June 2004, to all counsel of record as follows:

R. Bruce Tharpe, Pro Se
**LAW OFFICE OF R. BRUCE THARPE**
2390 Central Blvd., Suite 0
Brownsville, Texas 78520

Roland L. Leon

*Defendants ZC Sterling Insurance Agency, Inc.'s*
*Original Answer*
*Page 5*