IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RICHARD BRUCE THARPE ) | |
| ) | |
| VS. ) | |
| ) | CIVIL ACTION NO.: B-04-103 |
| ZC STERLING INSURANCE ) | |
| AGENCY, INC. and JACK TAYLOR, ) | |
| Individually ) | |

**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT ZC STERLING INSURANCE AGENCY, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICHARD BRUCE THARPE, hereinafter referred to as the Plaintiff in the above-styled and numbered cause and respectfully files this Response to Motion For Summary Judgment of Defendant ZC STERLING INSURANCE AGENCY, INC., and in support would present unto the Honorable Court as follows:

I.

Defendant's Motion For Summary Judgment is based solely on a provision contained in the insurance policy that limits causes of action under the policy to ". . . within 1 (one year) of the loss." Contractual stipulations such as these are void in Texas.

II.
Legal Authority

2.01   Section 16.070(a) of the Texas Civil Practice and Remedies Code states, "Except as provided by Subsection (b), *[which applies to the sale or purchase of a business entity]*, a person may not enter a stipulation, contract or agreement that purports

to limit the time in which to bring a suit on the stipulation, contract or agreement that establishes a limitations period that is shorter than two years is void in this state."

2.02   Texas two-year period of limitations rather than four-year statute of limitations for actions sounding in contract, applied to action on insurance contract which specifically provided that any claim under policy is void unless action is commenced within shortest period of time permitted by laws of state." *Port Arthur Towing Co. v. Mission Ins. Co.*, C.A.5 (Tex.)1980, 623 F.2d 367.

2.03   Twelve-month period of limitation contained in insurance agreement was void under Vernon's Ann. Civ. St. 5545 (repealed; now, this section). *Duster v. Aetna Ins. Co.*, (App. 14 Dist. 1984) 668 S.W.2d 806, error refused.

III.

3.01   The purpose of the summary judgment procedure is to permit the trial court to dispose promptly of cases that involve unmeritorious claims or untenable defenses. *City of Houston c. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979). The purpose is not to deprive litigants of their right to trial by jury to try a case by affidavit and deposition testimony. *Collins v. County of El Paso*, 954 S.W.2d 137, 145 (Tex.App.-El Paso 1997, writ denied) (Emphasis added). To defeat a motion for summary judgment, the non-movant must disprove that the movant is entitled to judgment because there is a fact issue that precludes summary judgment.

IV.
MATERIAL ISSUES OF FACT REMAIN UNRESOLVED

As will be evident by the arguments, points of law and summary judgment evidence submitted with this response, there are genuine issues of material fact remaining unresolved that preclude the granting of a summary judgment in favor of the Defendant. Contrary to Defendant's assertion, a jury will be necessary to resolve the following factual disputes:

- Was there an agreement between Plaintiff and Defendant?
- Did Plaintiff and Defendant agree to the specific insurance policy provisions?
- Did the Defendants intentionally undervalue Plaintiff's damages?
- Did the Defendants engage in Deceptive Trade Practices?
- Did the Defendant intentionally violate the Texas Insurance Code?
- Did the Defendant engage in bad faith conduct / failure to settle?

The district court must resolve all reasonable doubts about the facts in favor of the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002); *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002); *Pocchia v. NYNEX Corp.*, 81 F.3d 275, 277 (2d Cir. 1996); *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir. 1995). In view of the unresolved fact issues in this case, including but not limited to those set forth above, Defendant's Motion For Summary Judgment should be denied.

### V.
### SPECIFIC OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

Summary judgment evidence must be admissible under the rules of evidence. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997); The parties cannot rely on statements of fact contained in either the motion for summary judgment or the response as summary judgment proof, even if the motion or response is verified. *UPS v.*

*Helen of Troy Corp.*, 536 S.W.2d 415, 417 (Tex.App.-El Paso 1976, no writ), overruled on other grounds, *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492 (Tex. 1991).

3.01   **Lack of Personal Knowledge.**  Defendant bases its Motion for Summary Judgment partially on self-serving statements contained in the affidavit of James Novak who is the Senior Vice President of ZC STERLING INSURANCE AGENCY, INC. Plaintiff objects to this summary judgment in that the affiant lacks personal knowledge of the specific facts surrounding the incident that is the subject of this lawsuit, or the matters contained in his affidavit.

3.02   **Hearsay Evidence.**  Plaintiff objects that the documents identified above constitute hearsay and have not been properly authenticated, therefore should be excluded from consideration with regard to the summary judgment issue.

3.03   **Unsubstantiated Factual Conclusion.**  The factual conclusions, opinions and subjective beliefs set forth in Defendant's motion and its exhibits are unsupported by evidence, therefore are defects in substance and should not be considered by the Court.

3.04   **Interested Witness.**   Defendant bases its Motion for Summary Judgment on exhibits including an affidavit from the Senior Vice President of ZC STERLING INSURANCE AGENCY, INC. Clearly, the affiant is an interested witness.

To establish the facts through an interested witness, the testimony must be (1) **uncontroverted**, (2) clear, (3) positive, (4) direct, (5) credible, (6) **free from contradiction,** and (7) susceptible to being readily controverted. *TRCP 166a(c)*. If the testimony does not meet these requirements, it will not support a summary judgment. *Casso v. Brand,*

*776 S.W.2d 551, 558 (Tex. 1989).* In his Sworn Affidavit attached hereto as Exhibit "A', Plaintiff has controverted and contradicted Defendant's statements, therefore Defendant's Motion For Summary Judgment should be denied as a matter of law.

## IV.
## CONCLUSION

4.01   The Defendant claims that summary judgment should be granted because its word is good and that should be good enough for the Court. The Plaintiff, it therefore claims, has no case. Unfortunately for the Defendant corporation and fortunately for the average person, the Texas Constitution and the United States Constitution guarantees each person the right to a trial before their peers when factual disputes are involved. *Texas Constitution, Article 5.*

In this case, the Plaintiff vigorously disputes the corporation's position that it is restrained from filing an action against it for a one-year period of limitation, either legally or by an alleged agreed-upon stipulation. Plaintiff further has brought forward evidence in Exhibit "A" to establish his cause of action. Summary judgment <u>cannot</u> be granted when the evidence submitted raises an issue of fact and is sufficient to prove the Plaintiff's case. *TRCP 166a;* <u>*Worsham Steel Co. v. Arias,*</u> *id. (Since this Court is not a fact finder, it may not pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if the evidence would clearly support a different result.)*

In the present case the Plaintiff has more than met his burden. The circumstantial evidence (and reasonable inferences) presented in this response prove Plaintiff's prima

facie case and create a fact issue which precludes the granting of a summary judgment. Defendant's motion should accordingly be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny Defendant's Motion For Summary Judgment in all things, and for such other and further relief to which the Plaintiff may be justly entitled, either at law or in equity.

Respectfully submitted,

*R. Bruce Tharpe* (signature)

R. BRUCE THARPE, PRO SE
Texas State Bar ID No. 19823800
LAW OFFICES OF R. BRUCE THARPE
2390 Central Blvd., Suite O
Brownsville, Texas 78520
(956) 546-2400
(956) 546-4362 -- Fax
Federal Bar ID No. 13098

Certificate of Service

I hereby certify that a copy of the foregoing motion has been served on counsel for the Defendants by hand-delivery and/or facsimile transmission and/or by depositing same in the U.S. mail, postage prepaid on this 12th day of October, 2004 at the following address:

Mr. Roland L. Leon
BARKER, LEON, FANCHER & MATTHYS, L.L.P.
Tower II – Suite 120
555 N. Carancahua Street
Corpus Christi, Texas 78478

*R. Bruce Tharpe* (signature)
R. Bruce Tharpe

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD BRUCE THARPE | ) | |
| | ) | |
| VS. | ) | |
| | ) | CIVIL ACTION NO.: B-04-103 |
| ZC STERLING INSURANCE | ) | |
| AGENCY, INC. and JACK TAYLOR, | ) | |
| Individually | ) | |

## PLAINTIFF'S SWORN AFFIDAVIT AND VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| | ) |
| COUNTY OF CAMERON | ) |

BEFORE ME, the undersigned authority, personally appeared R. BRUCE THARPE, known by me to be the Plaintiff in the above-styled and numbered cause who, being duly sworn by me, deposed and stated as follows:

"My name is R. BRUCE THARPE and I am the Plaintiff in the above-styled and numbered cause. I have read the foregoing Response to Defendant's Motion For Summary Judgment and everything contained therein is true and correct and within my personal knowledge and/or belief. There are genuine issues of material facts existing in this cause of action including, but not limited to:

- Was there an agreement between Plaintiff and Defendant?

- Did Plaintiff and Defendant agree to the specific insurance policy provisions?

- Did the Defendants intentionally undervalue Plaintiff's damages?

- Did the Defendants engage in Deceptive Trade Practices?

- Did the Defendant intentionally violate the Texas Insurance Code?

- Did the Defendant engage in bad faith conduct / failure to settle?

"Further Affiant sayeth Not."

_____
R. BRUCE THARPE, AFFIANT

SWORN AND SUBSCRIBED to before me, the undersigned Notary Public on this 12th day of October, 2004 to certify which witness my hand and official seal.

Notary Public in and for the
State of Texas

