IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD BRUCE THARPE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-04-103 |
| | § | |
| ZC STERLING INS. AGENCY, INC. | § | |
| | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
ENTERED

DEC 21 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on December 20, 2004, the Court considered plaintiff Richard Bruce Tharpe's ("plaintiff") Motion for Remand [Dkt. No. 6]. For the following reasons, the Motion is hereby **GRANTED**.

### I.   Factual and Procedural Background

The plaintiff, proceeding *pro se*, is a licensed attorney and resident of Texas. The defendant, a California corporation with its principal place of business at Irvine, California, is the project manager for a company called Empire Indemnity Insurance ("Empire"). Empire is an Oklahoma corporation with its principal place of business in Omaha, Nebraska.

Plaintiff purchased a property insurance policy from Empire covering his dwelling with a $159,000 limit for one year. Within the coverage period, the dwelling sustained hail damage. After the plaintiff reported the damage, the defendant dispatched an adjuster to appraise the claim and made the plaintiff an offer. The plaintiff rejected the offer as unreasonable.

The plaintiff avers that the appraiser "wrongfully and intentionally undervalued the damage in comparison to damages recovered by other homeowners suffering similar damage in the neighborhood." Plaintiff further asserts that the defendant "intentionally sent

1

appraisers to wrongfully undervalue the extent of" the dwelling's damages.

Accordingly, plaintiff filed suit on May 21, 2004, at state court in Cameron County, Texas. The original state petition seeks treble damages for alleged violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Additionally, while praying for costs, interest, and attorney's fees, the plaintiff does not seek exemplary or punitive damages.

The defendant removed the case on June 23, pursuant to 28 U.S.C. § 1441(a), basing jurisdiction on diversity [Dkt. No. 1]. Other than reiterate the plaintiff's alleged damages, the only other evidence defendant provides establishing the satisfaction of the jurisdictional amount in controversy is the $159,000.00 policy limit.

On August 11, plaintiff motioned the Court to remand the case.[1] The defendant did not file a response. The complaint and notice of removal are sufficiently suspect concerning the amount in controversy that the Court, *sua sponte*,[2] finds it necessary to determine whether subject matter jurisdiction exists. See Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003) (examining *sua sponte* whether jurisdictional amount in controversy is satisfied).

## II.   Standard of Review

As a preliminary matter, federal courts are courts of limited jurisdiction. Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803). Therefore, a suit presumptively lies beyond a federal court's dominion. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

---

[1] Plaintiff also filed motions requesting leave to amend the original state petition in order to join a non-diverse party and include a stipulation to not seek damages exceeding $75,000.00 [Dkt. No. 8]. The plaintiff further motioned the Court to allow substitute service for the newly joined defendant [Dkt. No. 7]. The defendant submitted a motion for summary judgment [Dkt. No. 12]. Because the Court finds that it lacks subject matter jurisdiction, none of these motions are addressed.

[2] The grounds for plaintiff's motion to remand relied on this Court's granting him leave to amend his complaint to add a non-diverse party and a stipulation that he did not seek damages in excess of $75,000. The Court, on its own cognizance, found it necessary to determine whether the requisite amount in controversy in the present case has been met.

Pursuant to 28 U.S.C. § 1441(a), any civil action filed in state court over which a federal district court has original jurisdiction, may be removed. Id. Original jurisdiction is met if both the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1332(a)(1)). Because the Court construes the removal statute in favor of remand, ambiguities are resolved against removal. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing the propriety of federal jurisdiction. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Here, there is no question that diversity exists between plaintiff and defendant. Therefore, the Court proceeds to determine whether the jurisdictional amount in controversy is satisfied.

The "state court complaint as it exists at the time of removal" determines the propriety of removal. Cavallini v. State Farm Mut. Auto Ins., 44 F.3d 256, 264 (5th Cir. 1995); see also St. Paul Rein. Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Gebbia, 233 F.3d at 883 ("The jurisdictional facts that support removal must be judged at the time of the removal."). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar, 47 F.3d at 1408. However, Texas prohibits a pleading from containing a specific amount of unliquidated damages. Tex.R.Civ.Pro. 47(b); see also Viera v. Sprint United Mgt., 2003 WL 251930, at *2 (N.D.Tex. 2003). As such, when the plaintiff's complaint lacks a specified sum, the defendant must prove that the alleged damages meet the jurisdictional amount by a preponderance of the evidence. De Aguilar, 47 F.3d at 1412. The defendant may meet this burden by showing that the jurisdictional amount in the complaint is "facially apparent." St. Paul, 134 F.3d at 1253. In making this determination, the Court examines only the face of the complaint and decides whether it is more likely than not that the amount in controversy exceeds $75,000.00. Allen v. R & H Oil & Gas Co., 63 F.3d 3126, 1336 (5th Cir. 1995). On the other hand, if the amount is not apparent from the face of the complaint, "the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." St. Paul, 134 F.3d at 1253. (quoting Allen, 63 F.3d at 1335). "Removal, however, cannot be based simply upon conclusory allegations." Allen, 63 F.3d at 1335.

3

## III. Analysis

In the present case, the plaintiff seeks interest, costs, attorney's fees, and statutory treble damages. First, interest and costs are excluded from the amount in controversy. See 28 U.S.C. § 1332 ("The district courts shall original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . . ."). Second, if jurisdiction is based on diversity and an applicable state law provides for attorney's fees, then the amount in controversy incorporates this sum. Manguno v. Prudential Prop. & Casualty Ins., 276 F.3d 720, 723 (5th Cir. 2002). Texas law allows for attorney's fees under certain circumstances. See Tex.Civ.Prac.&Rem. Code 38.001. However, when the litigant is an attorney proceeding *pro se*, Texas courts have prohibited the award of attorney's fees. Beasley v. Peters, 870 S.W.2d 191, 196 (Tex.App.-Amarillo 1994). Here, because the plaintiff is a licensed attorney in Texas and proceeding *pro se*, his demand for attorney's fees is not part of the amount of controversy.

In considering whether the remaining damages satisfy the amount in controversy, the Court finds instructive the decision in Alcorn v. State Farm Lloyds, 1998 WL 760274, at * 1 (N.D.Tex. 1998). There, after defendant failed to repair plaintiff's roof according to the terms of an insurance policy, the plaintiff sued the defendant insurer for breach of contract and the duty of good faith and fair dealing. Id. at *1. The plaintiff contested removal and argued that the amount in controversy was insufficient. Id. The complaint alleged severe injuries, mental anguish, the cost of replacing the plaintiff's roof and the ensuing water damage, which was estimated to be as high $20,000. Id. at *2. Furthermore, the complaint sought exemplary damages. Id. at *3. Accordingly, the court found the amount in controversy exceeded $75,000.00. Id.

In the present case, the complaint neglects to demand punitive or exemplary damages, or recovery for any personal injury (i.e., mental anguish).[3] Besides expressly seeking damages for the defendant's misconduct, nothing in the complaint states that the

---

[3]Texas law prohibits a plaintiff from recovering both exemplary and treble damages if the damages are predicated upon the same injury under the Texas Deceptive Trade Practices Act. Allstate, Inc. v. Kelly, 680 S.W.2d 595, 605 (Tex.App.-Tyler 1984).

plaintiff even seeks recovery for the sustained structural damages. Hence, it is unclear whether the plaintiff requests recovery for the costs in repairing or replacing the impaired portions of his dwelling. See Acuna, 200 F.3d at 339 ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). Nonetheless, even if the plaintiff endeavors for such recovery, the complaint simply lists a portion of the dwelling's detriments, but provides no explanation concerning the extent of the harm. Furthermore, nothing illuminates whether the damaged portions of the structure are repairable or require replacement. Additionally, the complaint fails to supply an estimate for the aggregate structural damages. In other words, the complaint offers nothing this Court can employ in determining the amount in controversy. See Howery, 243 F.3d at 916 (finding that a suit presumptively lies beyond a federal court's dominion). Therefore, from the face of the complaint, the Court cannot find that it is more likely than not that the plaintiff's claims satisfy the jurisdictional amount.

Because the amount in controversy is not facially apparent from the complaint, the Court must next determine whether the defendant's "summary judgment-type' evidence" establishes, by the preponderance of the evidence, that the amount in controversy is satisfied. St. Paul, 134 F.3d at 1253. The only evidence produced by the defendant is the affidavit of its Senior Vice President, James P. Novak. The affidavit merely asserts that the subject policy had a limit of $159,000, but provides nothing more. The defendant fails to allege what fraction of the policy the plaintiff seeks (i.e., half, all, more than). Additionally, the defendant neglects to comment on how much it initially offered the plaintiff. Without more, this Court will not find the amount in controversy satisfied merely because the subject policy limit exceeds $75,000.00. See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, (5th Cir. 2002) (finding "that in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy" (internal quotations omitted)); see also See Howery, 243 F.3d at 916 (finding that a suit presumptively lies beyond a federal court's dominion).

## IV.  Conclusion

Premises considered, the Court finds that the defendant has not met its burden in establishing by a preponderance of the evidence that the requisite amount in controversy is satisfied. Accordingly, the Court concludes that it lacks subject matter jurisdiction over the litigation. Plaintiff's motion to remand is hereby **GRANTED** and the Clerk is instructed to effect the remand immediately.

DONE at Brownsville, Texas, this 20 day of December, 2004.

Hilda G. Tagle
United States District Judge